UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REYMON BAYLON NORMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>GEICO ADVANTAGE INSURANCE COMPANY,<br><br>  Defendant. | Case No. 2:20-CV-01214<br><br>**ORDER** |

Before the Court is the Joint Motion to Stay Discovery (ECF No. 12). In their Joint Motion, the parties explain that a motion to dismiss was filed by GEICO seeking to dismiss two of three claims asserted by Plaintiff. The parties contend that moving forward with written and oral discovery during the pendency of the motion to dismiss will be inefficient. The parties admit that the motion to dismiss is not case dispositive, but contend "there is sufficient uncertainty as to how the Court may rule" such that moving forward with discovery may result in wasted time and money. The stay requested will, according to the parties, promote justice and "avoid the unnecessary expenditure of resources."

The Court understand the parties' position, which is clearly supported by the law when a motion to dismiss is likely to lead to the disposition of an entire case. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011) *citing Skellup Indust. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). Of course, that is not the situation here. Moreover, the parties' argument regarding the potential waste of resources is true for every case in which a motion to dismiss seeks to limit claims rather than dismiss the entirety of a case filed. Multiple rounds of written discovery, a concern expressed by the parties, is not unusual and not so overwhelming that it militates in favor of a stay. Conversely, the Court agrees that proceeding with certain categories of discovery is highly inefficient.

Accordingly,

IT IS HEREBY ORDERED that the Joint Motion to Stay Discovery (ECF No. 12) is GRANTED in part and DENIED in Part.

IT IS FURTHER ORDERED that all oral discovery is stayed during the pendency of the motion to dismiss.

IT IS FURTHER ORDERED that all expert discovery is stayed during the pendency of the motion to dismiss.

IT IS FURTHER ORDERED that written discovery on Plaintiff's elder exploitation and extra contractual claims is stayed during the pendency of the motion to dismiss.

IT IS FURTHER ORDERED that written discovery, including, but not necessarily limited to exchanging initial disclosures, and propounding interrogatories, document requests, and requests for admissions pertaining to the breach of contract claim shall proceed. The parties shall submit a discovery plan and scheduling order regarding this discovery within seven (7) days of the date of this Order.

IT IS FURTHER ORDERED that no later than seven (7) days following the Court's order issuing a decision on Defendant's Motion to Dismiss, the parties shall file a joint stipulation identifying all remaining discovery to be completed together with a scheduling order for the completion of the same.

Dated this 10th day of August, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE